WILLIAM BOYS, Director of the Department of Personnel, *et al.*, Plaintiffs-Appellees, *v.* ALONZO PATTERSON, Defendant-Appellant.

Fourth District   No. 16819

Opinion filed June 16, 1981.

Gilbert Feldman, of Cornfield and Feldman, of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Defendant, Alonzo Patterson, was employed by the Bureau of Employment Security of the State of Illinois on August 5, 1976. His position was described as intermittent unemployment insurance representative (Spec. Code: 1979, Position Code: 21689). On September 30, 1978, he was appointed to unemployment insurance representative II (Spec. Code: 1962, Position Code: 47082), which is one pay grade higher than that of intermittent unemployment insurance representative. Thereafter, Patterson initiated a proceeding against the Department of Personnel seeking a determination of the propriety of his classification as intermittent unemployment insurance representative. The gist of his complaint was that he had been doing the actual work of an unemployment insurance representative II since the time of his hiring and should be so classified from that date.

The Civil Service Commission of the State of Illinois took jurisdiction of the proceeding and after an evidentiary hearing before one of its hearing officers, adopted and confirmed the findings and judgment of the hearing officer. The essence of that order is a reallocation of Patterson to the higher grade. The plaintiff here, director of the Department of Personnel, filed an administrative review proceeding (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) in the circuit court of Sangamon County, which reversed the order of the Civil Service Commission. This appeal followed.

The essence of Patterson's appeal to the Commission and the essential finding of its hearing officer centers upon the number of hours which he worked. Under the intermittent classification, a limit of 1,500 working hours per year is imposed unless waived during an emergency. The intermittent classification is also characterized by periodic, irregular or seasonal scheduling. The evidence was uncontroverted that Patterson had worked in excess of 1,500 hours during 1977, but that the limitation had been waived because of an emergency. It was likewise uncontroverted that he would have worked in excess of 1,500 hours during 1978, had he not been appointed to the higher grade in September of that year. At the hearing before the Civil Service Commission's hearing officer,

representatives of the Department of Personnel were unable to say with certainty what emergency prompted the waiver, not what constituted any emergency. The hearing officer concluded his findings, which were adopted by the Civil Service Commission, as follows:

"32. Both parties have agreed the duties performed by the Petitioner could be placed in either classification, but it is the question of whether the Petitioner was working full-time or part-time that determines the classification. The Petitioner, for his period of employment as an Intermittent, was actually working on a full-time basis. As the intermittent program is set up, an employee could actually work for almost 3000 hours without breaking the rules as outlined. The Petitioner was working on a full-time basis and should have been classified as an Unemployment Insurance Representative II rather than an Intermittent Unemployment Representative. The appeal is granted."

The circuit court apparently was of the opinion that full-time versus part-time work constituted the crux of the matter, since its order of reversal states that the decision of the Commission was against the manifest weight of the evidence.

We have concluded that the matter must be governed by an interpretation of the pertinent statutes and rules. This is necessarily antecedent to an examination of the evidence. Under our interpretation we find that the Civil Service Commission was without jurisdiction to entertain Patterson's appeal.

Section 8a(1) of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b108(a)(1)) provides in part:

"For the preparation, maintenance, and revision by the Director, subject to approval by the Commission, of a position classification plan for all positions subject to this Act, * * *. Unless the Commission disapproves such classification plan within 60 days, or any revision thereof within 30 days, the Director shall allocate every such position to one of the classes in the plan. Any employee affected by the allocation of a position to a class shall, after filing with the Director of Personnel a written request for reconsideration thereof in such manner and form as the Director may prescribe, be given a reasonable opportunity to be heard by the Director. If the employee does not accept the allocation of the position, he shall then have the right of appeal to the Civil Service Commission."

The duty and power of the Civil Service Commission under this provision is set forth in section 10(5) of the Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b110(5)) as follows:

"To hear appeals of employees who do not accept the allocation of their positions under the position classification plan."

Pursuant to his power to promulgate rules, the Director of Personnel issued Rule I, entitled "Classification and Pay," and the portion of that Rule, paragraph 1—20, pertinent here, reads as follows:

"ALLOCATION: It is the responsibility of each agency head to report to the Director any significant changes in the duties of every position within the agency. At the request of an agency, or at the discretion of the Director, a survey, audit, or such other investigation as may be deemed necessary by the Director shall be made to determine the proper allocation of any position to a class. Upon written request of an employee, such investigation as may be deemed necessary by the Director shall be made to determine the proper allocation of the employee's position. After making such survey, audit, or other investigation, the Department of Personnel shall notify the agency in which such position is located of its decision as to the proper allocation of the position in question. It shall be the responsibility of the head of the agency in which the position is located to notify the incumbent in said position of the decision of the Department of Personnel."

It is apparent that the triggering device for an appeal by an employee is a significant change in the duties of the position, not in the duties of one filling the position. The record here negates any indication that there was any change in the job descriptions of either intermittent unemployment insurance representative or of unemployment insurance representative II. In fact, they remained exactly the same. There was no audit by the Director as a result of which these positions were allocated to another class. Factually, the instant case is not one of a position allocation dispute. It appears to be one of retroactive allocation, a subject not encompassed by either the statute or the rule.

The complaint filed in the circuit court does allege, and it is not denied, that an audit of Patterson's position was conducted, and it was determined that the position was properly allocated. This is consonant with the rationale of the rule, which looks to duties performed as compared to the job description. We find nothing which would justify transfer of personnel between positions without some significant alteration in the duties of those positions.

We do not wish to be understood as saying that Patterson is without a remedy. Some may exist within the Department of Personnel or under the collective bargaining agreement between the State of Illinois and the AFSME, which is frequently referred to in the transcript of proceedings before the hearing officer. We are not advised of these matters.

We do not hold that under the facts of this case the Civil Service Commission was without subject matter jurisdiction to hear Patterson's appeal. Since such jurisdiction was lacking, it follows that the order of the Commission is void. Accordingly, the appeal is dismissed.

Appeal dismissed.

GREEN and YONTZ, JJ., concur.